# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**KENDRICK MONICE JONES, # 100622**                       **PLAINTIFF**

**VERSUS**                             **CIVIL ACTION NO. 3:18cv697-HTW-JCG**

**KEITH REED, LAUDERDALE COUNTY,
MISSISSIPPI, STATE OF MISSISSIPPI,
MISSISSIPPI DEPARTMENT OF
CORRECTIONS, SHERIFF BILLIE
SOLLIE, ASSISTANT CLERK DANNA,
MIRIA RAINEY, OFFICER AIKINS,
MAJOR MCCARTHY, SOUTHERN
HEALTH PARTNERS, and CASEY
SPEARS**                                     **RESPONDENTS**

## ORDER DENYING RECONSIDERATION

BEFORE THE COURT is *pro se* plaintiff Kendrick Monice Jones's Appeal Motion to Dismiss [27], which the court construes as a motion for reconsideration. Jones is a pretrial detainee at the Lauderdale County Detention Facility. On January 31, 2019, the court dismissed this case. On February 11, Jones filed the instant motion, asking that the court reconsider the dismissal of the false arrest claim. The court has considered the plaintiff's submission and the relevant legal authority. The motion is denied.

## DISCUSSION

Since the motion was filed within twenty-eight days of the final judgment, the motion shall be treated as one under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989). A Rule 59(e) motion to amend judgment should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to

correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Motions for reconsideration are not to be used to relitigate old matters or to present evidence that could have been raised prior to entry of judgment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon Le Torneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Jones sued the State of Mississippi, Mississippi Department of Corrections, Sheriff Billie Sollie, and Assistant Clerk Danna for false arrest due to an allegedly faulty bench warrant. The claim was dismissed. Jones asks that the claim not be dismissed just because he does not know who is responsible and that he has evidence that he was falsely arrested. Jones does not show an error of fact or of law in the dismissal, nor does he present any other basis under Rule 59(e) for reconsideration of the Memorandum Opinion and Order of Dismissal [25]. The motion is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* plaintiff Kendrick Monice Jones's Appeal Motion to Dismiss [27], which the court construes as a motion for reconsideration, should be, and is hereby, **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 16th day of April, 2019.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE
